UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| HERBERT ANDERSON, | ) | CASE NO. 3:11 CV 2599 |
| Plaintiff, | ) ) | JUDGE JAMES G. CARR |
| v. | ) ) | |
| ROBERT S. DAVIDSON, Judge, | ) ) | OPINION AND ORDER |
| Defendant. | ) ) | |

On November 29, 2011, plaintiff *pro se* Herbert Anderson, an inmate at the Lebanon Correctional Institution, filed this action under 42 U.S.C. § 1983 against Marion County Court of Common Pleas Judge Robert S. Davidson. Plaintiff alleges Judge Davidson dismissed a mandamus action, and also denied a request to reinstate the action, which plaintiff intended to be directed to the Ohio Court of Appeals. Plaintiff seeks damages and release from incarceration. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915A.

A district court is expressly required to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008).

Judicial officers are generally absolutely immune from civil suits for money damages. *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). This far-reaching protection is needed to ensure that the independent and impartial exercise of

judgment is not impaired by the exposure to potential damages. *Barnes*, 105 F.3d at 1115. For this reason, absolute immunity is overcome only in two situations: (1) when the conduct alleged is not performed in the judge's judicial capacity; or (2) when the conduct alleged, although judicial in nature, is taken in complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116. Plaintiff alleges no facts suggesting either of these criteria has been met in this case.

The determination of whether an action is performed in the defendant's judicial capacity, depends on the "nature" and "function" of the act, not on the act itself. *Mireles*, 502 U.S. at 13; *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). Looking first to the "nature" of the act, the court must determine whether it is a function generally performed by a judge. *Stump*, 435 U.S. at 362. This inquiry does not involve a rigid scrutiny of the particular act in question, but rather requires only an overall examination of the judge's alleged conduct in relation to general functions normally performed by judges. *Mireles*, 502 U.S. at 13. Second, an examination of the "function" of the act alleged requires the court to assess whether the parties dealt with the judge in his judicial capacity.

Upon applying these principles, it is evident on the face of the pleading that Judge Davidson was acting in his judicial capacity at all times that the conduct alleged in plaintiff's complaint occurred. Plaintiff dealt with the judge only in his judicial capacity. Plaintiff therefore cannot overcome the broad application of judicial immunity under this criterion.

Judicial immunity can also be defeated when the conduct alleged, although judicial in nature, is taken in complete absence of <u>all</u> jurisdiction. *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116. (emphasis added.) When the immunity of the judge is at issue, the scope of the judge's jurisdiction is to be broadly construed. *Stump*, 435 U.S. at 356-57. A judge will be not deprived of immunity because the action he took was performed in error, done maliciously, or was in excess of his authority. *Id.* Actions taken in complete absence of all jurisdiction are those acts which are clearly outside of the subject matter jurisdiction of the court over which the judge presides. *King v. Love*, 766 F.2d 962, 965 (6th Cir. 1985); *see Barnes*, 105 F.3d at 1122. Merely acting in excess of authority does not preclude immunity. *King,* 766 F.2d at 965-66. The allegations of the complaint

simply do not give rise to a reasonable inference that Judge Davidson acted in the complete absence of jurisdiction.

Finally, to the extent plaintiff is seeking to challenge the fact or duration of his physical imprisonment, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).

Accordingly, this action is dismissed under 28 U.S.C. § 1915A. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

      IT IS SO ORDERED.

                              S/ JAMES G. CARR
                              SR. UNITED STATES DISTRICT JUDGE